578 So.2d 1180 (1991)
ST. PAUL FIRE & MARINE INSURANCE COMPANY
v.
Virgie R. WHITMIRE and A & B Insurance Co.
No. 90-CA-782.
Court of Appeal of Louisiana, Fifth Circuit.
April 17, 1991.
Writ Denied June 21, 1991.
*1181 Dennis Paul Juge, Jeffery C. Napolitano, New Orleans, for plaintiffs-appellants.
John J. McGuckin, Jr., Kevin K. Gipson, Metairie, James S. Rees, III, New Orleans, for defendants-appellees.
Before BOWES, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
This case involves the right of a workman's compensation insurer to recover compensation benefits paid to an employee from a third-party tortfeasor, pursuant to La.R.S. 23:1101-1103, when that tortfeasor has settled the claim with the employee without being given notice that the employee has been paid such benefits.
The facts are not in dispute. On September 19, 1984, James L. Perrie, the employee, was injured in a head-on automobile collision. On April 30, 1985, prior to his filing of suit, Virgie Whitmire, the driver of the other car, and her liability insurer, Allstate Insurance Company, settled with him for Allstate's policy limit of $10,000. There is no evidence of record to show that either Whitmire or Allstate were ever put on notice, prior to the settlement, that Perrie had received workman's compensation benefits in connection with this accident.
It was later established, however, that Perrie was in the course and scope of his employment at the time of the accident, and during the following two and one-half months he had in fact collected $2,256.36 in compensation and $6,850.21 in medical payments from St. Paul Fire and Marine Insurance Co., his employer's workman's compensation insurer. On August 29, 1985, St. Paul brought suit against Whitmire and Allstate to recover the $9,106.57 paid on Perrie's compensation claim. St. Paul's position at trial was that because the settlement was reached without its consent, its rights against the tortfeasor as per La.R.S. 23:1101-1103, were not thereby affected. Whitmire and Allstate, for their part, urged to the contrary that these same statutes allow post-settlement recovery by a compensation insurer against a tortfeasor only when the settlement is entered into after suit has been filed.
After a bench trial on the merits, the judge rendered judgment in favor of the defendants. In his reasons for judgment, he concluded that the right of a compensation insurer to obtain reimbursement from a tortfeasor when the injured employee has settled the matter without approval of that insurer, as per La.R.S. 23:1102, "applies only to settlements reached while a lawsuit is pending." While that statement may be an over simplification of the law, on the facts before us here its application leads to the correct result.
Article 2315 of the Louisiana Civil Code renders tortfeasors liable for damages caused by their fault. Nothing in this article contemplates, nor has it ever been interpreted to provide, that a tortfeasor may be twice held liable for the same damages. Further, under La.Civ.Code, art. 3078, any compromise of such a claim is res judicata and as such it can not be attacked on account of error of law or lesion.
However, when an injured person has also received workman's compensation benefits because of the fault of the tortfeasor, La.R.S. 23:1101-1103, establish certain circumstances in which a tortfeasor may be compelled to reimburse a workman's compensation insurer, notwithstanding a compromise with the injured party. The issue in the case before us is whether such circumstances are present here. We conclude *1182 that they are not, and therefore affirm the judgment in favor of the tortfeasor and her insurer.
The principles governing the rights and obligations of an injured employee, his employer or compensation insurer, and a third party tortfeasor are set forth in Malone and Johnston, Workers Compensation, 2nd, § 367 (1980) (14 Louisiana Civil Law-Treatise), as follows:
Although the compensation remedy is exclusive between the employer and the employee, his dependents and heirs, the same is not true with reference to a third party wrongdoer whose fault brought about the employee's injury or death. All compensation acts make certain in one way or another that the tortfeasor is held responsible for the damage he has caused and is not permitted to escape liability by reason of the fact that the victim may be entitled to assert a claim for compensation against his employer.
Likewise, all compensation statutes require the wrongdoer to reimburse the blameless employer for the compensation he was obliged to pay because of the fault of the outsider. This is in accord with the principle of indemnity which is familiar in the law of torts. Likewise, the statutes are in accord that the victim should not be entitled both to full damages and to compensation.
* * * * * *
In [Louisiana] the employee is entitled to proceed both by claiming compensation against his employer and at the same time prosecuting his claim for damages against the third party wrongdoer. The employer's right to indemnity is preserved and double recovery by the employee prevented by authorizing the employer to intervene in the employee's suit and requiring that the judgment be in favor of the employer to the extent required to indemnify him. Thus, only the excess goes to the employee.
The statutes implementing the above policy are La.R.S. 23:1101-1103. The first of these, 1101, simply provides a direct right of action against the tortfeasor by both the injured employee and his employer or compensation insurer.
The version of 1103 in effect at the time of this accident is contained in Acts 1958, No. 109, § 1. See Babin v. Saturn Engineering Corp., 501 So.2d 857 (La.App. 5th Cir.1987). That statute provided that when suit was filed against the tortfeasor any resulting judgment would first compensate the employer or insurer who had paid compensation benefits, and once that obligation was satisfied the employee would receive the remainder, if any.
The version of 1102, applicable here is contained in Acts 1984, No. 852, 1. Section A of this statute imposes on the employee and the employer or insurer an obligation to notify the other if suit is filed against a third person as provided in R.S. 23:1101. Section B provides generally that if the employee compromises his claim against the third person without approval of the employer or insurer, he shall forfeit his right to future compensation. The right to such future compensation can, however, be reserved upon reimbursement to the employer or insurer all compensation paid, but in no event more than 50% of the amount recovered in the compromise. This section is silent as to the consequences of such a compromise on the third party.
Section C(1) does, however, address the obligations of the third party. It states that:
C. (1) When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent *1183 said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee's claim for future compensation or medical benefits shall be reserved.
It is evident that the policy underlying this paragraph is to insure that the employer or insurer recover benefits it was obligated to pay to the injured employee because of the tortfeasor's acts, while at the same time preventing the employee from being compensated twice for the same damages. It is equally clear that the tortfeasor places himself at risk of having to pay twice if he settles the matter without the employer's or insurer's consent after he is on notice that compensation has been paid. As to the sufficiency of such notice, a strict reading of the statute might lead to the conclusion that only after suit and an intervention will the tortfeasor be potentially liable for double payment, but in this court's opinion such a technical rule would serve no purpose other than to promote needless litigation and expense, and discourage pre-suit compromise. Nonetheless, we do interpret the statute to require the employer or insurer to prove that adequate notice was given to the tortfeasor or his insurer of the reimbursement claims before the settlement was reached. If such proof is not forthcoming, the employer or insurer is precluded from recovering from the tortfeasor funds already paid to the employee.
In the present case, the compensation insurer failed to establish that any such notice was ever given. It is also evident that had there been a suit and intervention in this matter, the first $9,106.57 of any judgment or compromise would have gone to the insurer, with the employee receiving the remainder. To permit the insurer to now recover this same amount from the tortfeasor would result in the unsuspecting tortfeasor having to pay twice for the same injury while at the same time giving double recovery to the employee.
For the above reasons, we therefore affirm the judgment of the district court in favor of the defendants, Virgie Whitmire and Allstate Insurance Company and against plaintiff, St. Paul Fire and Marine Insurance Company.
AFFIRMED.
BOWES, J., concurring with written reasons.
BOWES, Judge, concurs.
I agree with the result reached by the majority in this case, particularly concerning the interpretation of LSA-R.S. 23:1102. However, in cases where a rapid settlement between the plaintiff/claimant and the tortfeasor may have prevented the third party tortfeasor from receiving adequate and timely notice of a claim for reimbursement of worker's compensation benefits under LSA-R.S. 23:1021, et seq., I feel that it is only fair to require the tortfeasor or his insurers to furnish proof that one of them made a good faith, adequate, bona fide effort to determine if a compensation claim is, indeed, involved. This could be done by obtaining an affidavit from the claimant/plaintiff to this effect, or some other appropriate means setting forth adequate facts.
I would further hope that the Legislature addresses itself to this suggestion in the near future.
Therefore, I respectfully concur.