DOUCET, Judge.
This is a suit for reimbursement of workers’ compensation benefits paid to an employee. The plaintiff, Aetna Casualty & Surety Company (Aetna), appeals the grant of a motion for summary judgment dismissing the plaintiffs claim against the tort-feasor, Ethel Bethard, and her insurer, Casualty Reciprocal Exchange Insurance Company (CRE).
The facts are not in dispute. On May 3, 1991, Rodney Coolman, the employee, was injured in an automobile accident. Mr. Cool-man was employed at the time of the accident and filed a workers’ compensation claim against his employer and the employer’s insurer, Aetna. Initially, Aetna denied that the accident was work-related. Aetna then changed its position and made its first workers’ compensation payment on February 11, 1992, in the amount of $9,024.00. An additional payment of $41,079.21 was made on April 8, 1992.
On April 23,1992, Coolman signed a settlement agreement, tendered by CRE 3 months earlier, relinquishing his tort claim against Bethard and CRE in exchange for $25,-000.00. Uncontroverted evidence in the record indicates that the settlement between Coolman and CRE took place without the necessity of filing suit. Aetna subsequently filed suit against Bethard and CRE for reimbursement of benefits Aetna paid to Coolman and of any and all future payments which may be made. Bethard and CRE filed an exception of no cause of action and a motion for summary judgment in response to Aet-na’s claim on the basis that they had settled with Coolman prior to the filing of suit by Aetna.
After the hearing on the exception and motion, the trial court issued its written reasons for judgment finding as a matter of law that “the employer or carrier has the obligation to place the third party tort-feasor on notice that it has paid workers’ compensation benefits to an injured employee” before settlement between the tort-feasor and employee is reached. The trial court concluded that Aetna was precluded from recovering funds CRE paid to Coolman in exchange for Cool-man’s relinquishment of his claim because CRE had failed to receive notice that Aetna paid workers’ compensation benefits to Cool-man. Formal judgment granting the defendants’ motion for summary judgment was signed on September 18, 1992.
Plaintiff appeals the trial court’s judgment granting defendants’ motion for summary judgment. Plaintiff contends that the trial court erred in finding as a matter of law that Aetna was precluded from seeking reimbursement. Plaintiff cites R.S. 23:1101(B), R.S. 23:1102(0(2), and R.S. 23:1103(A)(2) as the controlling law in this case. Plaintiff argues that a workers’ compensation insurer such as itself is entitled to pursue an independent right of action against an alleged tort-feasor to recover the benefits paid to an employee regardless of whether the employee undertakes his own action against the tort-feasor. Plaintiff avers that the settle *362 ment between CRE, CRE’s insured, and Coolman occurred without plaintiffs or its insured’s knowledge or consent.
Specifically, Aetna asserts that any compromise of such a third person by the employee cannot affect the workers’ compensation insurer’s right to pursue recovery from the tort-feasor. Aetna further contends the workers’ compensation statutes contain no requirement that the compensation insurer provide any notice to the responsible third party tort-feasor prior to the filing of suit.
Aetna contends that the trial court’s imposition of a duty to notify on the workers’ compensation insurer has been rejected by this court in Aetna Cas. & Sur. Co. v. Hanover Ins. Co., 569 So.2d 1078 (La.App. 3 Cir. 1990), writ granted, affirmed and remanded, 574 So.2d 363 (La.1991). That case effectively held that when suit has been filed by the injured worker, third party tort-feasors or their insurers “act at their peril in settling a tort suit by an injured employee who may have been paid workers’ compensation.”

MOTION FOR SUMMARY JUDGMENT

The motion for summary judgment should be granted only when there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. C.C.P. art. 966. The facts in this case are not in dispute. The record shows that the defendants submitted uncontroverted evidence in the form of an affidavit by Cool-man’s attorney stating that he did not inform Bethard, CRE, or their attorney of Cool-man’s workers’ compensation claim. CRE avers that they were never put on notice that any payments had been made by Aetna or that a compensation claim was proceeding. Aetna does not dispute this claim. The trial court properly concluded that there was no genuine issue of material fact. Summary judgment is proper if the defendants are entitled to judgment as a matter of law. After reviewing the motion and supporting and opposing materials, we are also in accord with the trial court’s determination that the defendants were entitled to dismissal of the plaintiffs action as a matter of law. We find that the case cited by plaintiff is factually distinguishable from the case herein because the employee in the cited case filed suit against the tort-feasor and his insurer prior to reaching a compromise. The law as written does not provide for cases, such as this, where there is a negotiated settlement with a tort-feasor without the necessity of filing suit. Under these facts, it would be incumbent upon the legislature to amend the statute if it wishes to preclude situations such as this where the injured worker does receive double recovery. We agree with the trial court’s application of a Fifth Circuit case interpreting R.S. 23:1101 et seq. and placing the burden of a notice requirement upon the party paying the workers’ compensation benefits. We adopt the trial court’s conclusions of law in its written reasons for judgment, which follow, as our own:
The court finds that the facts of St. Paul Fire and Marine Insurance v. Whitmire, 578 So.2d 1180, (La.App. 5th Cir.1991) [WRIT DENIED, 581 So.2d 707, (La.1991) ], are nearly identical to this case. In Whit-mire, the tortfeasor settled the claim with the employee without any notice that the employee had been paid workers’ compensation benefits. The employee did not file suit against the tortfeasor. The compensation carrier, St. Paul, later sued the tort-feasor and his insurer for reimbursement of benefits paid to the employee. The court of appeal affirmed the trial court’s judgment in favor of the defendants beginning with the premise stated in Louisiana Civil Code Article 2315 that tortfeasors are liable for damages caused by their fault, but nothing in this article contemplates that a tortfeasor may be held liable twice for the same damages. Supra at p. 1181. The court cited the principles governing the rights and obligations of an injured employee, employer and compensation carrier set forth in Malone and Johnston, Workers Compensation, 2nd, Section 367 (1980) (14 Louisiana Civil Law Treatise).
In [Louisiana] the employee is entitled to proceed both by claiming compensation against his employer and at the same time prosecuting his claim for damages against the third party wrongdoer.28 The employer’s right to indemnity is preserved and double recovery by the employee prevent *363 ed by authorizing the employer to intervene in the employee’s suit and requiring that the judgment be in favor of the employer to the extent required to indemnify him.29 Thus, only the excess goes to the employee.
(footnotes omitted)
The applicable workers’ compensation statute in pertinent part provides:
When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee’s claim for future compensation or medical benefits shall be reserved.
[R.S. 23:1102(0(1) ]
The court stated that the policy underlying R.S. 23:1102(0(1) is to insure that the compensation carrier recovers benefits it is obligated to pay but preventing the employee from being compensated twice for the same damages. The court interpreted the statute to require the employer or carrier to prove that adequate notice'was given to the tortfeasor or his insurer of the reimbursement claims before the settlement was reached. If the employer or carrier fails to provide proof of such notice, the employer and carrier are precluded from recovering funds already paid to the employee. Supra at p. 1183.
This court agrees with the Whitmire rationale that the employer or carrier has the obligation to place the third party tort-feasor on notice that it has paid workers’ compensation benefits to an injured employee. While the statute addresses an intervention as the method of notice after suit is filed, it does not address notice prior to suit being filed. However, this court finds that some type of notice by the employer or carrier is required, if only informal correspondence to the tortfeasor or his insurer. The employer and compensation carrier are in the best position to know of potential third party claims due to the employee advising the carrier of the injury and the cause of the injury. The workers’ compensation statutes do not impose a duty on tortfeasors to discover the existence of claims by potential workers’ compensation carriers, and this court will not impose such a duty. The court finds that as a result of Reciprocal Casualty [sic] Exchange failing to receive notice that Aetna paid workers’ compensation benefits to Coolman, Aetna is precluded from recovering funds that Reciprocal Casualty [sic] Exchange has already paid to Coolman in settlement of its claim with Coolman.
Alternatively, Aetna argues if the notice requirement is applied in this case, it should not totally preclude Aetna from recovery. Plaintiff argues it is entitled to recover those benefits it paid to the employee which exceed the amount of the employee’s third party settlement. Specifically, Aetna asserts it should only be precluded from recovery of the first $25,000.00 in workers’ compensation benefits paid to Coolman. We disagree. We find that Aetna is precluded from seeking reimbursement from the tort-feasor and her insurer for any funds Aetna paid to the employee prior to the employee’s settlement of his claim with the tort-feasor and her insurer wherein said settlement was procured by the tort-feasor’s insurer prior to any notice of a potential compensation claim.
For the foregoing reasons, the judgment of the trial court in favor of the defendants is affirmed. The trial court’s judgment granting the defendants’ motion for summary *364 judgment is proper. Appellants are to pay costs.
AFFIRMED.