649 So.2d 776 (1994)
HOUSTON GENERAL INSURANCE COMPANY
v.
COMMERCIAL UNION INSURANCE COMPANY, Terrebonne Parish Consolidated Government, and Rietta D. Hart, J & D Inspection, Julien A. Bruce, III.
No. 94 CA 0399.
Court of Appeal of Louisiana, First Circuit.
December 22, 1994.
Opinion Denying Rehearing February 2, 1995.
*778 Roch P. Poelman, New Orleans, for plaintiff-appellant, Houston General Ins. Co.
Thomas E. Loehn, New Orleans, for defendants-appellees Commercial Union Ins. Co., Terrebonne Parish Consolidated Government, & Rietta D. Hart.
Cleveland J. Marcel, Jr., Houma, for defendant-appellee Julien A. Bruce, III.
Before: LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment on a motion for summary judgment.

BACKGROUND
On or about April 5, 1988, Julien A. Bruce, III was operating a 1986 Nissan pickup truck west on Aycock Street near its intersection with Louisiana Highway 3040 in Terrebonne Parish. At about the same time, Rietta D. Hart was operating a 1988 Dodge Diplomat owned by the Terrebonne Parish Consolidated Government (Parish) south on Louisiana Highway 3040 near its intersection with Aycock Street. After bringing his vehicle to a complete stop at the intersection, Bruce was broadsided by the vehicle owned by the Parish and operated by Hart. As a result of this accident, Bruce sustained injuries.
At the time of the accident, Hart was an employee of the Parish and was acting within the course and scope of her employment. At all times pertinent hereto, the vehicle owned by the Parish and operated by Hart was insured by a policy of liability insurance issued by Commercial Union Insurance Company.
At the time of the accident, Bruce was employed by and was acting in the course and scope of his employment with J & D Inspection Services, Inc. (J & D). Houston General, the worker's compensation insurer for J & D, made worker's compensation payments to Bruce and provided medical benefits on behalf of Bruce in the amount of $38,506.30.
Thereafter, Bruce filed a suit for damages against Hart, the Parish, and Commercial Union in the Thirty-Second Judicial District Court, Parish of Terrebonne, under docket number 91,568. Thereafter, on January 10, 1990, Bruce and Commercial Union settled the matter.[1]
Thereafter, on December 19, 1990, Houston General filed the instant suit for damages against Hart, the Parish, and Commercial Union. Houston General sought reimbursement for the $38,506.30 in worker's compensation and medical benefits paid to or on behalf of Bruce as a result of the April 5, 1988, automobile accident. In its petition, Houston General alleged that it failed to receive written notice of the lawsuit filed by Bruce or any other claim relating to the April 5, 1988, automobile accident. Houston General further alleged that it failed to receive notice of the January 10, 1990, settlement. Houston General subsequently amended its petition, naming J & D as an additional party defendant.[2]
Hart, the Parish, and Commercial Union filed an answer and third party demand. In *779 their answer, Hart, the Parish, and Commercial Union generally denied the allegations of the petition, alleged that the April 5, 1988, automobile accident was caused solely by the negligence of Bruce, and alleged that Houston General's action had prescribed. In their third party demand, Hart, the Parish, and Commercial Union named as third party defendants Bruce and his spouse, seeking indemnity for the benefits recovered by Bruce.[3]
Bruce answered the third party demand, alleging that he was not indebted to Houston General, that he had filed a suit against the defendants in the main demand, and that Houston General had failed to intervene in said suit.
On March 27, 1991, Houston General filed a motion for summary judgment alleging that it was not notified of the suit filed by Bruce in accordance with LSA-R.S. 23:1102 A. Attached to its motion and memorandum in support thereof were the petition for damages filed by Bruce on June 29, 1988, and the affidavit of Jo Ann White, claims technician for Houston General, showing the payments made to Bruce. Bruce opposed the motion for summary judgment filed by Houston General, alleging that Houston General was verbally notified of the existence of his third party lawsuit and that his employer, J & D, knew of the existence of the lawsuit because J & D had been named as a third party defendant in such lawsuit.[4]
On April 29, 1991, in response to requests for production of documents, Houston General produced its worker's compensation insurance policy, telephone records of calls between Bruce and/or J & D and Houston General, and various documents regarding Bruce's worker's compensation claim. One memorandum to Houston General, dated April 13, 1988, revealed that a first report of injury had been filed and contained a notation that the claim would probably constitute a "loss time" claim. The memo also noted that the claimant had an attorney to handle his claims against the police department [the Parish].[5] Also contained in the documents was a letter to the City of Houma, dated June 17, 1988, from a claims representative with Houston General. In the letter, Houston General advised the city [the Parish] that it had a subrogation claim for the worker's compensation benefits paid to Bruce. The documents also contained a letter from the Parish, dated June 27, 1988, to Commercial Union, advising Commercial Union of the correspondence from Houston General regarding the subrogation claim. Additionally, the documents contained a letter to Commercial Union, dated July 28, 1988, from a Houston General subrogation supervisor, advising Commercial Union of the payment of worker's compensation and medical benefits and of Houston General's lien for such payment. A letter from a subrogation supervisor with Houston General to Bruce's attorney, dated January 16, 1989, wherein she requested a copy of any third party action, if one had been filed, was also included in the documents.
On June 28, 1991, the hearing on the motion for summary judgment filed by Houston General was held. The court addressed the issue of prescription raised in the original answer to the petition at the hearing inasmuch as a determination that Houston General's claims had prescribed would render the motion for summary judgment moot. For oral reasons assigned, the trial court determined that Houston General's action had prescribed. Accordingly, the trial court rendered judgment on August 1, 1991, denying Houston General's motion for summary judgment and dismissing Houston General's claims against Hart, the Parish, and Commercial Union. On appeal, this court in Houston General Insurance Company v. Commercial Union Insurance Company, 612 *780 So.2d 787 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993), reversed the trial court judgment dismissing Houston General's suit on the grounds of prescription and remanded the matter to the trial court for further proceedings.
After remand, Hart, the Parish, and Commercial Union filed a motion for summary judgment for the reasons set forth in its memorandum in support of the motion for summary judgment. The record does not contain a copy of the memorandum in support of the motion for summary judgment filed on behalf of Commercial Union. Nor does the record contain any attachments in support of the motion for summary judgment. The record contains the opposition memorandum filed by Houston General. Attached to Houston General's opposition were two pages from a deposition allegedly of Bruce's attorney,[6] wherein the deponent stated that he had spoken with a Margie Goodson and advised her that suit had been filed, and a copy of the January 16, 1989, correspondence from a Houston General subrogation supervisor to Bruce's attorney advising him of Houston General's subrogation claim.
After a hearing, on August 10, 1993, the trial court rendered judgment, denying Commercial Union's motion for summary judgment, and Commercial Union subsequently requested a rehearing. On October 22, 1993, a hearing on Commercial Union's motion for rehearing was conducted. Pursuant to the rehearing, the trial court granted the rehearing and granted Commercial Union's motion for summary judgment, which had previously been denied. The judgment granting the motion for summary judgment was signed on November 19, 1993.[7]
From this adverse judgment, Houston General appeals, assigning as error the trial court's granting of Commercial Union's motion for summary judgment.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991).
A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear as to what the truth is and exclude any real doubt as to the existence of material fact. Ouachita National Bank in *781 Monroe v. Gulf States Land & Development, Inc., 579 So.2d at 1120. The court must closely scrutinize the papers supporting the position of the mover, while the papers of the party opposing the motion are to be treated indulgently. Ortego v. Ortego, 425 So.2d 1292, 1297 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La.1983).
Summary judgments are not favored and should be used cautiously and sparingly. Penalber v. Blount, 550 So.2d at 583. In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). This is true even if grave doubt exists as to a party's ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985). Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991).
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, Division MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir. 1988).

THIRD PARTY ACTIONS
Employee and employer suits against third persons are regulated by the Louisiana Worker's Compensation Law. LSA-R.S. 23:1101[8] recognizes the right of the employee and the employer to sue the tortfeasor. Stafford v. Dow Chemical Corporation, 415 So.2d 393, 395 (La.App. 1st Cir. 1982). Generally, the statute contemplates the situation where a third person causes injury, and such injury is compensable under the Louisiana Worker's Compensation Law. Elliott v. Glass, 615 So.2d 1354, 1356 (La. App. 2nd Cir.1993). The statute provides that an injured employee may sue a third person (not excepted by the worker's compensation law) responsible for the damages resulting from his injuries, and the employer or insurer may sue such responsible party for reimbursement for any compensation it may pay or become obligated to pay the employee. Aetna Casualty & Surety Company v. Hanover Insurance Company, 569 So.2d 1078, 1080 (La.App. 3rd Cir.1990), affirmed, 574 So.2d 363 (La.1991). Moreover, the statute permits the employee to proceed against a third party for damages even though he has been awarded or is receiving compensation from his employer for the same injury. Senac v. Sandefer, 418 So.2d 543, 545 (La.1982).
LSA-R.S. 23:1101 B provides a cause of action for anyone who has paid or becomes obligated to pay worker's compensation benefits to recover such benefits from a third party tortfeasor. Elliott v. Glass, 615 So.2d at 1356. LSA-R.S. 23:1101 B provides, in part, as follows:
Any person having paid or having become obligated to pay compensation under *782 the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. (Emphasis added.)
LSA-R.S. 23:1102 sets forth the obligations of giving notice by an injured employee and the employer or insurer in the event either files suit against a third person (tortfeasor) as authorized by LSA-R.S. 23:1101. Aetna Casualty & Surety Company v. Hanover Insurance Company, 569 So.2d at 1080. The statute requires that if either the employee or the employer sues the tortfeasor, he must notify the other, who may then intervene as a party plaintiff in the suit.[9] Although the statute provides that the other may intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor. Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396, 400 (La.1980). LSA-R.S. 23:1102 also provides certain penalties if the employee fails to notify the employer or insurer of any suit brought and provides penalties in the event the employee compromises his claim with a third person (tortfeasor) without the written permission of the employer or insurer.[10]Aetna Casualty & Surety Company v. Hanover Insurance Company, 569 So.2d at 1080-81.
In the instant case, in its motion for summary judgment Commercial Union contended *783 that Bruce's employer, J & D, had notice of the third party action filed by Bruce against Hart, the Parish, and Commercial Union and that, as a result, Houston General did not have to be notified of such suit. Commercial Union reasons that, because J & D had full knowledge of the third party action, it was incumbent upon J & D or Houston General to intervene in that third party action and that Houston General's failure to intervene bars its right to bring the instant separate suit against Commercial Union. Without addressing the issue of whether notice to the employer that a third party action has been filed is sufficient (when the worker's compensation insurer paid the worker's compensation benefits), we find that the motion for summary judgment was improvidently granted. There is no proof in the record before this court that either the employer or the insurer had notice of any third party action filed by Bruce. Commercial Union did not attach any depositions, affidavits, or any of the other evidence in support of its motion for summary judgment. There are no pleadings from any previous lawsuits by and among the parties to the instant suit. Although in arguments in brief to the trial court Commercial Union alleges certain facts, which if proven may support the motion for summary judgment, arguments contained in the memoranda of counsel or appellate briefs are not evidence.
In reviewing the entire record in this matter, under the appropriate standard, we find that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, fail to show that there is no genuine issue as to material fact or that the mover is entitled to judgment as a matter of law. As such, based upon the record before us, we find that Commercial Union failed to sustain its burden of proving that there is no genuine issue as to material fact or that Commercial Union is entitled to judgment as a matter of law.

CONCLUSION
For the reasons set forth above, the judgment of the trial court, granting Commercial Union's motion for summary judgment, is reversed, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against Commercial Union.
REVERSED AND REMANDED.
PER CURIAM.
On original hearing, we noted that the record did not contain a copy of the memorandum in support of the motion for summary judgment filed on behalf of Commercial Union and granted by the trial court judge.
In its application for rehearing, Commercial Union attached, as an exhibit, the memorandum and the documents it contends the trial court reviewed in granting the motion for summary judgment. However, as we noted on original hearing, the record does not contain those documents. On appeal, this court cannot consider evidence not made a part of the record, nor can we receive evidence. See Geudry v. Fromenthal, 633 So.2d 287, 289 (La.App. 1st Cir.1993).
For these reasons, the application for rehearing is denied.
NOTES
[1] Bruce executed a receipt and release wherein he released Hart, the Parish, and Commercial Union for any and all claims for damages, including worker's compensation benefits. The receipt and release also contained an indemnification agreement in which Bruce agreed to defend, protect, indemnify, and hold Hart, the Parish, and Commercial Union harmless from any and all claims arising out of the April 5, 1988, automobile accident.
[2] Houston General's amended petition was filed on May 9, 1991.
[3] On June 10, 1991, Hart, the Parish, and Commercial Union filed a motion for summary judgment on the third party demand. By Judgment dated October 9, 1991, the trial court granted Commercial Union's motion for summary judgment on the issue of indemnity.
[4] No affidavits, depositions, or other proof of such allegations were attached to Bruce's opposition.
[5] The attachments also contained various documents relating to Bruce's worker's compensation claim, including correspondence to Houston General by Bruce's attorney.
[6] The two pages of the deposition do not reveal the name or identity of the deponent.
[7] On October 13, 1993, Houston General filed a motion for summary judgment. The record does not contain a ruling on Houston General's motion for summary judgment. On October 28, 1993, Commercial Union filed another motion for summary judgment. On December 17, 1993, the hearing on Commercial Union's second motion for summary judgment was conducted. By judgment, dated December 17, 1993, judgment was rendered in favor of Hart, the Parish, and Commercial Union and against Bruce for $11,742.76, plus interest, which represented attorney's fees and court costs incurred in connection with the defense of the action by Houston General.
[8] LSA-R.S. 23:1101 A provides, in pertinent part, as follows:

When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as "third person") other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the ... employee or his dependents may claim compensation under this Chapter and the payment or award of compensation... shall not affect the claim or right of action of the said employee or his dependents... against such third person ... and such employee or his dependents ... may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
[9] LSA-R.S. 23:1102 A addresses employee or employer suits against third persons and the notice requirement and provides, in part, as follows:

If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
[10] LSA-R.S. 23:1102 B provides as follows:

If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim and only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. Written approval of the compromise must be obtained from the employer if the employer is self-insured, either in whole or in part. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise. Such reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim.
LSA-R.S. 23:1102C(1) provides as follows:
When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee's claim for future compensation or medical benefits shall be reserved.