| ¡PARRO, J.
The State, through the Department of Public Safety and Corrections (DPSC), appeals the dismissal of its workers’ compensation intervention in the tort suit of its employee. For the following reasons, the judgment of the trial court is reversed, and this matter is remanded for further proceedings.

Factual Background and Procedural History

On December 5, 1997, Jan Mitchell (Mitchell) was in the course and scope of her employment with DPSC, Office of Motor Vehicles, when she was injured while riding as a passenger in a.vehicle driven by the minor daughter of James Abernathy (Abernathy). Mitchell filed a claim for workers’ compensation with DPSC, which paid Mitchell’s medical expenses and weekly indemnity benefits.
On July 29, 1998, Mitchell filed suit against Abernathy and his insurer, State Farm Mutual Automobile Insurance Company (State Farm), for damages sustained in the December 5, 1997 accident. Approximately three-and-a-half months later, Abernathy and State Farm filed an answer to Mitchell’s petition. DPSC sent notice of its hen relative to this accident to Abernathy on September 30, 1998, and to Mitchell on December 18, 1998. On November 2, 1999, Mitchell, Abernathy, and State Farm entered into a settlement agreement for policy limits. DPSC alleged that Mitchell, Abernathy, and State Farm settled Mitchell's claim without obtaining its consent. Furthermore, it contends that at no time prior to settlement was DPSC notified of any settlement negotiations.
On November 17, 1999, DPSC filed a petition of intervention against Abernathy and State Farm, seeking recovery of all workers’ compensation benefits and expenses DPSC had paid to or on behalf of Mitchell. That same day, the trial court granted DPSC leave to intervene in the above proceedings. Relative to DPSC’s intervention, Mitchell filed a peremptory exception raising the objection of no right or cause of action, and Abernathy and State Farm filed exceptions raising the objection of no right of action and res judicata. The prior settlement agreement was asserted as the ground for these | -¡exceptions. Alternatively, Abernathy and State Farm sought summary judgment dismissing the DPSC’s intervention. DPSC responded by filing a cross motion for summary judgment. Following a hearing on these matters, the trial court denied DPSC’s motion for summary judgment and granted summary judgment in favor of Abernathy and State Farm, dismissing DPSC’s intervention. On August 11, 2000, Mitchell filed a motion to dismiss her lawsuit with prejudice, on the basis that a settlement agreement had been reached between Mitchell, Abernathy, and State Farm.
DPSC appeals from the trial court’s dis *112 missal of its intervention.[2] On appeal, DPSC asserts that the trial court erred in dismissing its intervention based on a finding that the principal demand had settled prior to the filing of its intervention even though the motion for dismissal was filed approximately nine months after DPSC was granted leave to intervene. It further contends that the trial court erred in granting Abernathy and State Farm’s motion for summary judgment, because a genuine issue of material fact existed as to whether DPSC received notice of the employee’s suit as required by the Louisiana Workers’ Compensation Act. It also seeks a grant of summary judgment in its favor based on the lack of a genuine issue of material fact regarding DPSC’s subrogation hen and the settlement agreement between Mitchell, Abernathy, and State Farm.

Discussion

Employee and employer suits against third persons are regulated by the Louisiana Workers’ Compensation law. Louisiana Revised Statute 28:1101 recognizes the right of the employee and the employer to sue the tortfeasor. Houston General Insurance Company v. Commercial Union Insurance Company, 94-0399 (La.App. 1st Cir.12/22/94), 649 So.2d 776, 781. Generally, the statute contemplates the situation where a third person causes injury, and such injury is compensable under the Louisiana Workers’ Compensation law. Houston General Insurance Company v. Commercial Union Insurance Company, 649 So.2d at 781. The statute provides that an injured 1 ¿employee may sue a third person (not excepted by the workers’ compensation law) who is responsible for the damages resulting from his injuries, and the employer or insurer may sue such responsible party for reimbursement for any compensation it may have paid or become obligated to pay the employee. Houston General Insurance Company v. Commercial Union Insurance Company, 649 So.2d at 781. Moreover, the statute permits the employee to proceed against a third party for damages even though he has been awarded or is receiving compensation from his employer for the same injury. Senac v. Sandefer, 418 So.2d 543, 545 (La.1982).
Louisiana Revised Statute 23:1101(B) provides a cause of action for anyone who has paid or becomes obligated to pay workers’ compensation benefits to recover such benefits from a third party tortfeasor. Houston General Insurance Company v. Commercial Union Insurance Company, 649 So.2d at 781. In pertinent part, LSA-R.S. 23:1101(B) provides:
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents.
Louisiana Revised Statute 23:1102 sets forth the obligation of giving notice by an injured employee or the employer or insurer in the event either files suit against a third person (tortfeasor) as authorized by LSA-R.S. 23:1101. Houston General Insurance Company v. Commercial Union Insurance Company, 649 So.2d at 782. Section 1102 requires that if either the employee or the employer sues the tortfea-sor, he must notify the other, who may then intervene as a party plaintiff in the *113 suit. Although the statute provides that the other party may intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer’s failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor.[3] Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396, 400 (La.1980). Louisiana Revised Statute 23:1102 also provides certain penalties if the employee fails to notify the employer or insurer of, any suit brought and provides penalties in the event the employee compromises his claim with a third person (tortfeasor) without the written permission of the employer or insurer. Houston General Insurance Company v. Commercial Union Insurance Company, 649 So.2d at 782.
Based on the evidence presented in conjunction with, Abernathy and State Farm’s motion for summary judgment, the trial court determined there was no genuine issue of material fact regarding notice relative to DPSC. Nevertheless, because DPSC intervened approximately nine months prior to the dismissal of Mitchell’s suit, the requirements of LSA-R.S. 23:1102(A)(1) were seemingly satisfied so as to preserve DPSC’s LSA-R.S. 23:1101 cause of action against Abernathy and State Farm for recovery of workers’ compensation benefits paid to Mitchell.
Mitchell, Abernathy, and State Farm disputed whether the filing of DPSC’s petition for intervention after the execution of their settlement agreement was timely, despite the fact that none of the settling parties had yet filed a motion to dismiss Mitchell’s principal demand. After considering the evidence, the trial court apparently ruled that DPSC’s attempt to intervene after the execution of the settlement agreement was untimely so as to preclude DPSC from proceeding forward with its LSA-R.S. 23:1101 cause of action via intervention filed in Mitchell’s first filed suit against a third party tortfeasor.
Louisiana Revised Statute 23:1102(A)(1) and the jurisprudence simply require intervention by the employer, upon receipt of notice, in the injured employee’s action against the third party tortfeasor. The Louisiana Code of Civil Procedure directs that a demand incidental to the principal demand may be instituted against an adverse party, a co-party, or a third party. LSA-C.C.P. art. 1031(A). An intervention is an incidental demand as contemplated by LSA-C.C.P. art. 1031(A). LSA-C.C.P. art. 1031(B). Regarding the delay for filing an incidental demand, LSA-C.C.P. art. 1033 provides:'
IfiAn incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092.
An incidental demand that requires leave of court to file shall be considered as filed as of the date it is presented to the clerk of court for filing if leave of court is thereafter granted.
Since Abernathy and State Farm had filed an answer to Mitchell’s principal demand, DPSC was required to obtain leave of court to intervene in her proceeding. DPSC’s request of the trial court for leave *114 to file its petition for intervention was granted by the trial court. Apparently, at the time of the filing of such motion, the trial court did not feel that the assertion of DPSC’s incidental demand would retard the progress of Mitchell’s suit against Abernathy and State Farm. Otherwise, it would have denied DPSC’s request for leave to file its petition of intervention. Moreover, none of the parties took any timely action to set aside the trial court’s approval of the intervention.
If an incidental demand has been pleaded prior to a motion by the plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action. LSA-C.C.P. art. 1039. Accordingly, once the trial court has exercised its discretion to allow an intervention by a third person, the subsequent fifing of a motion by the plaintiff in the principal demand requesting the dismissal of the principal demand would not affect the pending intervention. The intervention would survive the dismissal of the principal demand and would be tried separately. See Jordan v. Sutton, 491 So.2d 743, 744 (La.App. 1st Cir.1986).
DPSC filed its incidental demand against Abernathy and State Farm on November 17, 1999. It was moré than eight months later on August 11, 2000, that Mitchell dismissed her claims against Abernathy and State Farm. Until a judgment dismissing a suit is filed, the proceeding is still pending even if the parties have settled the matter. Thibodeaux v. Ferrellgas Inc., 97-1267 (La.App. 3rd Cir.7/29/98), 717 So.2d 668, 675, writs denied, 98-2321, 98-2325 (La.11/13/98), 731 So.2d 266, citing Jordan v. Sutton, 491 So.2d 743. Under the plain language of LSA-C.C.P. art. 1039, the dismissal of Mitchell’s principal demand did not affect DPSC’s incidental demand. Thus, we conclude DPSC’s intervention was timely asserted within the constraints of the Louisiana Code of Civil Procedure so as to preserve its LSA-R.S. 23:1101 cause of action for recovery of workers’ compensation benefits paid to-Mitchell. Where the employee compromises his claim without the knowledge and consent of the employer, the employer is free, so long as he proceeds timely, to prosecute his suit for indemnity against the tortfeasor. Ford v. Kurtz, 46 So.2d 357, 360 (La.App. 1st Cir. 1950); see LSA-R.S. 23:1102(0(1) and 1103(A)(2). Accordingly, the trial court legally erred in dismissing the claims asserted by DPSC against Abernathy and State Farm via the petition for ’intervention.[4]

Decree

For the foregoing reasons, the judgment of the trial court granting Abernathy and State Farm’s motion for summary judgment and dismissing DPSC’s petition for intervention is reversed.[5]- This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to James *115 W. Abernathy and State Farm Mutual Automobile Insurance Company.
REVERSED AND REMANDED.

. A judgment certifying this partial judgment as a final judgment was signed on November 29, 2000.

. The employer and insurer are not precluded from claiming a credit from a judgment received in a damage suit, even though they failed to intervene, when workers' compensation liability was consistently denied. Booth v. Travelers Insurance Co., 217 So.2d 483, 484-485 (La.App. 1st Cir.1968), writ denied, 253 La. 869, 220 So.2d 456 (1969).

. Having found legal error in the trial court’s dismissal of DPSC's intervention, we preter-mit discussion of the notice issue.

. Although the denial of DPSC’s motion for summary judgment is an interlocutory judgment that may be subject to review on this appeal of an appealable judgment, we decline to address DPSC’s motion on the record before us. See Carville v. City of Plaquemine, 303 So.2d 289, 290 (La.App. 1st Cir.1973); cf. Devers v. Southern Univ., 97-0259 (La.App. 1st Cir.4/8/98), 712 So.2d 199, 209. This court’s reversal of the trial court judgment removes the finality of that judgment and will allow DPSC to re-urge its motion for summary judgment in the trial court.