559 So.2d 864 (1990)
Karen Shiver, Wife of/and Larry SHIVER
v.
WILSON'S DEPARTMENT STORE, et al.
No. 89-CA-1363.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1990.
Paul G. Mayoral, New Orleans, for intervenor/appellee.
Earl A. Bridges, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants/appellants.
Before SCHOTT, C.J., and CIACCIO and PLOTKIN, JJ.
*865 SCHOTT, Chief Judge.
The issue in this case is whether a tort feasor's insurer who made a settlement with the plaintiff without regard to a pending claim by plaintiff's employer for worker's compensation benefits it paid to plaintiff is liable to the employer where the employer filed a notice of its claim in the record, the notice did not meet the technical requirements of an intervention, but the insurer had full knowledge of the claim of the employer. The trial court resolved the issue in favor of the employer. We affirm.
Plaintiff was injured on the job on July 2, 1983. He filed suit against his employer, Inter-American Broadcasters, Inc., for worker's compensation benefits on June 28, 1984 and settled his case on January 9, 1985. He filed a separate tort suit against Wilson's Department Store and its insurer, Liberty Mutual Insurance Co. (Liberty). On March 14, 1985 Inter-American filed in the record of the tort suit a "Notice of Request for Recovery Against Third Persons" asserting a claim for $10,900 it paid to plaintiff. On the previous day, March 13, Inter-American's attorney mailed a copy of this notice to Liberty's attorney.
On June 12, 1985 Liberty settled plaintiff's case against it for $35,000, and on July 23 its attorney deposited in the registry of the court its draft to plaintiff for $35,000. In its motion for the deposit Liberty acknowledged that Inter-American had asserted its claim. On the same day plaintiff obtained an order from the trial court authorizing his withdrawal of the check, he executed a release as to Liberty and its insured, and they filed a joint motion to dismiss the suit. When the trial judge released the check to plaintiff he was apparently unaware of Inter-American's claim, because neither Inter-American's Notice of Request nor Liberty's Motion to Deposit the check was in the record, a different judge had signed Liberty's order depositing the check, and neither counsel advised the trial judge of Inter-American's claim. On April 30, 1986 Inter-American filed an "Amended Intervention Petition" against plaintiff and Liberty seeking reimbursement for the compensation benefits and payments it paid plaintiff. The trial court rendered judgment in favor of Inter-American against plaintiff and Liberty Mutual each for one-half the amount sought. Only Liberty has appealed.
Liberty contends that by failing to file a proper intervention in the tort suit to assert its claim Inter-American forfeited its right to recover and Liberty could ignore the claim. While there is merit to the position that Inter-American should have followed the technical procedural rules of law, we are not persuaded that Inter-American's failure to do so under the circumstances of this case should lead to the inequitable result sought by Liberty.
In this case, there was a combination of errors and mistakes in judgment which combined to produce a unfortunate result. In the first place, plaintiff failed to notify Inter-American of his suit against Liberty as required by R.S. 23:1102. Next, though not notified properly but having full knowledge of the suit, Inter-American filed its Notice of Request into the record instead of a formal intervention with service as required by C.C.P. Art. 1093. Finally, though fully informed of Inter-American's claim, Liberty chose to ignore it and to make the settlement, clinging to the notion that Inter-American's procedural error would preclude its recovery and running the risk of paying more than it wished to pay in settlement of the case in the event that its decision was wrong.
The record shows that Inter-American's attorney mailed a copy of the Notice of Request to Liberty's attorney on March 13 which he refers to as "self-explanatory." He concludes with, "Feel free to contact me if you need any further information." Upon receipt of this letter and knowledge of Inter-American's claim Liberty could have included Inter-American in its negotiations with plaintiff for a settlement. Instead, Liberty took the position that it could legally ignore Inter-American's claim and negotiate with plaintiff alone, even though common courtesy and fairness demanded that Liberty respond to the letter and place Inter-American on notice that it needed to take some other action to protect *866 its interests. For this court to support Liberty's position under these circumstances would constitute a miscarriage of justice.
The trial court correctly assigned fault for the ultimate loss to plaintiff and Liberty. The judgment is affirmed.
PLOTKIN, J., concurs with written reasons.
PLOTKIN, Judge, concurring:
Liberty contends that it is not liable to the intervenor-employer Inter-American Broadcasters because the trial court authorized the release of funds to the plaintiff.
On July 23, 1985, at approximately 2:35 p.m., Liberty filed into the record of the case a "Motion to Deposit Funds into the Registry of the Court In Payment of Settlement". The motion acknowledged that Liberty had "been unable to pay the amounts due under the settlement agreement directly to the plaintiff because of the filing of a Notice of Request for Recovery against Third Persons, which has been filed by Inter-American Broadcasters, Inc." Liberty further confessed in the motion that Inter-American claimed the sum of $10,900.27, based on payments made by Inter-American to the plaintiff pursuant to the plaintiff's worker's compensation claim. This motion was presented in Division "J" of the Civil District Court and the judge of that division authorized the deposit of the funds into the registry of the court.
On July 23, 1985, at approximately 12:53 p.m., almost two hours before Liberty even filed its motion into the official record in the case, the plaintiff filed a motion to withdraw the funds deposited by Liberty signed by Judge Fedoroff, the judge in a different division of Civil District Court. Simultaneously, Liberty and the plaintiff filed and submitted to the court a joint motion to dismiss the personal injury claim, alleging that "all issues and claims involved in the litigation were settled," which was inaccurate. In support of this motion they attached a receipt and release prepared by Liberty and signed by the plaintiff's wife and his attorney. This motion to dismiss was signed by Judge Fedoroff and filed into the record on July 23, 1985.
Neither the plaintiff nor Liberty informed Judge Fedoroff at the time the motion to dismiss was presented and signed of the existence of Inter-American's notice of request or that they had not confected a settlement with Inter-American.
Louisiana Rules of Professional Responsibility, Rule 3.3(d), relative to Candor Toward the Tribunal, provides in pertinent part as follows:
"In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse."
Attorneys thus have an affirmative duty to inform the judge of all relevant facts before the court, prior to the presentation and request for the judge's signature on the order. In this case, Liberty and the plaintiff had a duty to disclose to Judge Fedoroff Inter-American's pending claim for worker's compensation reimbursement. Their failure to disclose this information caused the improper release and distribution of the funds from the custody of the court. Therefore, both the plaintiff and Liberty, as the trial court correctly concluded, are equally responsible for Inter-American's loss.
The trial judge who signed the order of dismissal is not at fault because of the parties' failure to disclose to him the employer's pending claim. Moreover, the parties cannot be immunized against the loss based on the order signed by the judge. Had the trial judge known of the pending intervention by the employer, he would not have released the funds until the proper procedure to resolve the employer's pending claim had been followed. Therefore, the parties cannot immunize themselves from liability because the trial judge ordered the release of funds from the court's registry.