569 So.2d 1078 (1990)
AETNA CASUALTY & SURETY COMPANY, et al., Plaintiffs-Appellees,
v.
HANOVER INSURANCE COMPANY, et al., Defendants-Appellants.
No. W90-585.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
Stafford, Stewart, Russell L. Potter, Alexandria, for plaintiffs-appellees.
Bolen, Erwin, Gwenda R. Lamb, Alexandria, Howard P. Elliott, Jr., Baton Rouge, for defendants-appellants.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
STOKER, Judge.
This is a suit for reimbursement of worker's compensation paid. We granted a writ in this case to consider this question: If an employee is injured through the fault of a third party and brings a tort suit against the third party and his insurer, may the employee's employer or compensation carrier then seek reimbursement of compensation *1079 paid the employee where (1) the employer and carrier have never been notified of the employee's suit, (2) the employer and carrier have not intervened in the employee's suit, and (3) the employee and third party compromise the tort suit.
Following filing of the plaintiffs' suit for reimbursement, the defendants, Rhea A. McGehee and Allstate Insurance Company, filed a motion for summary judgment grounded on the theory that the answer to the legal question stated above was in the negative. The trial judge denied the motion for summary judgment, holding that there was a genuine issue of fact as to whether the employee notified the employer or insurer of the suit against the third party tort-feasor as required by LSA-R.S. 23:1102. Thus, the trial court did not reach the legal issue. We granted a writ in this matter and called the case up for review of the legal issue.
We reach the same result as the trial court but for different reasons. Therefore, we affirm the denial of the motion for summary judgment and remand the case for further proceedings.

FACTS
Oliver Droze, Jr. sustained injuries in an automobile accident on September 23, 1988 while in the employment of Joe Christiana Food Distribution Company, Inc. (Christiana). Aetna Casualty & Surety Company (Aetna) was the worker's compensation insurer of Christiana. Rhea A. McGehee was the driver of the other vehicle involved in the accident of September 23, 1988. The accident gave rise to claims by Droze for worker's compensation against Christiana and Aetna and for damages in tort against McGehee and his liability insurer, Allstate Insurance Company (Allstate). (In the reimbursement suit of Aetna and Christiana, they also made Hanover Insurance Company a defendant as the underinsured motorist carrier of Christiana providing such coverage to Droze, but Hanover is not involved in this stage of the litigation.)
On March 31, 1989, Oliver Droze, Jr. filed a tort suit against the adverse driver, McGehee, and Allstate and Hanover. Droze made a settlement of his worker's compensation claim and compromised with Aetna and Christiana on August 22, 1989. Droze settled his tort suit on July 13, 1989 for Allstate's policy limits and he dismissed his tort suit on August 1, 1989. Aetna and Christiana filed the suit now before us for reimbursement of worker's compensation paid to Droze on September 22, 1989. In this suit Aetna and Christiana (plaintiffs-respondents) seek reimbursement from McGehee, Allstate and Hanover (defendants-relators).

PROCEDURAL POSTURE OF THE CASE
In response to the reimbursement suit Allstate and McGehee filed a motion for summary judgment. (Hanover does not appear to be involved in this motion.) The relators did not particularize the grounds on which they base their motion for summary judgment. However, in their memorandum in support of the motion filed with the trial court they gave two reasons: (1) Allstate had paid its policy limits of $100,000 to Droze and his wife (this issue has not been pursued), and (2) Aetna had "received notice and failed to avail itself of the remedy provided to it by LSA-R.S. 23:1101 et seq. when it failed to file a petition of intervention in a timely manner." Relators stated in their memorandum that Droze gave notice to Aetna "on July 6, 1989 as evidenced by the plaintiff's attorney's letter to Aetna Casualty & Surety Company to Allstate's attorney, which letters are attached." No such letters were attached to the memorandum. In fact, there were no attachments of any kind.
Aetna and Christiana denied receiving any notice of Droze's suit or proposed compromise and submitted affidavits in support of the denial. The trial court evidently focused on the notice issue by reason of a lengthy discussion in the memorandum submitted to the trial court in opposition to the motion for summary judgment. After noting that Allstate and McGehee failed to attach any letters evidencing notice to Aetna and Christiana, the plaintiffs-respondents set forth in their memorandum considerable *1080 discussion concerning a certain letter which Aetna and Christiana assumed was the only letter which the writers of the memorandum of Allstate and Droze might have had in mind which they referred to as attached to their memorandum. The letter in question was dated July 1, 1989 and was addressed to Aetna by Howard P. Elliott, Jr., the attorney for Droze and his wife as plaintiffs in their tort suit. It may be questionable as to whether the content of the letter actually gave Aetna notice, but it may have convinced the trial court that a material fact existed as to whether Droze gave Aetna any notice. We take a view of the notice matter different from that of the trial court.

NOTICE AS A NONFACT
In alleging in support of their motion for summary judgment that Droze gave Aetna notice of the Droze tort suit, and grounding that allegation on letters said to be attached which were not attached, relators have simply failed to support their contentions. The speculations of Aetna and Christiana as to what letter relators may have relied on does not supply support for relators' motion for summary judgment. Therefore, in our view we do not have a situation in which there is an issue as to whether or not notice was sent. We simply have no evidence at all. Relators' allegation in their memorandum that notice was given as shown by "attached letters" not in fact attached is nothing more than an unsupported allegation. This circumstance would justify denying the motion for summary judgment were it not for the legal position, as opposed to the fact of notice position, now taken by Allstate and Droze in their writ application filed in this court.[1] We move to a consideration of that legal position (the reason for which we granted the writ) and hold that the notice issue is not pertinent to the consideration we now make.

RELATORS' PRESENT POSITION
In effect relators now take the position that their motion for summary judgment should be granted because they were under no duty to give Aetna and Christiana notice of Droze's tort suit. This is a legal question. Relators now contend that the trial court, in denying the motion for summary judgment on the notice fact issue, "never reached the issue presented, i.e. does the third party have a duty to give notice." In taking this position the relators abandon the position (for this motion for summary judgment, at least) that any notice was ever given. The position relators now take is that notice in this context is immaterial insofar as a third party and its liability insurer are concerned. Thus, in this court of appeal the relators seek to have the suit for reimbursement dismissed on motion for summary judgment on a question of law. Relators urge that this question is res nova and we think that it is.

OPINION
In support of their contentions relators rely on LSA-R.S. 23:1102. This portion of the Louisiana worker's compensation statute sets forth obligations of giving notice by an injured employee and the employer or insurer in the event either files suit against a third person (a tortfeasor) as provided in LSA-R.S. 23:1101. That statute provides that an injured employee may sue any third person (not excepted by the worker's compensation law) responsible for the damages resulting from the employee's injuries, and the employer or insurer may sue such responsible party for reimbursement for any compensation it may pay or become obligated to pay the employee. LSA-R.S. 23:1102 authorizes an employee or his employer or insurer to intervene in any tort suit brought by the other. LSA-R.S. 23:1102 provides certain penalties to be incurred if the employee fails to notify the employer or insurer of any suit he may bring and also provides penalties in the event the employee compromises his claim *1081 with a third person without the written permission of the employer or insurer. Because these statutory obligations and penalties apply only between employees and employers or insurers, the relators urge that the third persons and their insurers have no "duty or burden" of giving notice of a tort suit to anyone. Therefore, relators argue that, having no duty to give notice, they could compromise and settle the claim of Droze without any participation by Christiana, the employer, or Aetna, the compensation insurer. The compromise and settlement with Droze would end the liability of McGehee and Allstate. We reject this contention. In our opinion the rights of a party claiming reimbursement of compensation are not affected by the absence of a statutory duty imposed on a third party or his insurer of giving notice of a tort suit or of a proposal to compromise and settlement of such a claim. To deny a claim for reimbursement on such a basis would be inconsistent with the principles and objectives of the worker's compensation scheme set forth in the statutory law. It is incorrect to attempt to analyze the question presented here in terms of the absence of any specifically prescribed statutory duty imposed upon a third party or his insurer.
The principles and objectives underlying the recovery provisions in the worker's compensation statutes, LSA-R.S. 23:1101, et seq., are discussed in W.S. Malone and H.A. Johnston, III, 14 Civil Law Treatise § 367 (1980):
"Although the compensation remedy is exclusive between the employer and the employee, his dependents and heirs, the same is not true with reference to a third party wrongdoer whose fault brought about the employee's injury or death. All compensation acts make certain in one way or another that the tort feasor is held responsible for the damage he has caused and is not permitted to escape liability by reason of the fact that the victim may be entitled to assert a claim for compensation against his employer.
"Likewise, all compensation statutes require the wrongdoer to reimburse the blameless employer for the compensation he was obliged to pay because of the fault of the outsider. This is in accord with the principle of indemnity which is familiar in the law of torts. Likewise, the statutes are in accord that the victim should not be entitled both to full damages and to compensation."
* * * * * *
"In [certain states including Louisiana] the employee is entitled to proceed both by claiming compensation against his employer and at the same time prosecuting his claim for damages against the third party wrongdoer. The employer's right to indemnity is preserved and double recovery by the employee prevented by authorizing the employer to intervene in the employee's suit and requiring that the judgment be in favor of the employer to the extent required to indemnify him. Thus, only the excess goes to the employee."
Considering the statutory scheme establishing the worker's compensation scheme, it appears to us that the balance established in the scheme would be severely compromised if relators were allowed to avoid their obligation to the payor of worker's compensation by relying upon the absence of a specific duty statutorily imposed on wrongdoers to give notice to the payor before settling with an injured worker. Although there is no specific statutory provision, there is a general provision in LSA-R.S. 23:1102(C)(2) which we think adequately covers a wrongdoer's obligation. That portion of LSA-R.S. 23:1102 provides:
"Nothing herein shall be interpreted to affect the rights of the employer or his insurer to otherwise seek reimbursement for past or future compensation benefits and medical benefits against a third party defendant or his insurer without regard to the actions of the employee on whose behalf said compensation and medical benefits were paid."
As this provision is contained within subsection C of LSA-R.S. 23:1102, it specifically applies to a situation in which an employer or insurer has intervened in an employee's suit against a third party. It would be *1082 entirely inconsistent to hold that the same result does not take place where a wrongdoer or liability insurer settles a suit or claim with an injured worker of which the employer and worker's compensation insurer have no notice. While it is true that LSA-R.S. 23:1102 gives the employer and its insurer certain rights against an employee who settles his worker's compensation claim without written approval from the employer and insurer, it is unrealistic to assume that exercise of this right will, as a general matter, vindicate the rights of the employer and insurer. To hold otherwise than we hold in this case would open up compensation matters to collusion which would undermine the integrity of Louisiana statutory compensation principles. In any event, we see no reason to treat differently the employer and insurer who are without notice that a third party and his responsible insurer are negotiating a settlement from the treatment of an employer and insurer who have intervened. The same public policy should apply to both.
In connection with our consideration we should advert to a provision in LSA-R.S. 23:1103. That section sets forth the preferential rights of the employer for compensation paid to the injured employee in any judgment in a suit against a third person in which both employee and employer are involved. The provision of Section 1103, now embodied in subsection A(2) provides:
"(2) No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him."
This provision, while not directly applicable to the situation before us, illustrates the care exercised by the legislature to negative the possibility that a compromise by one party made with a third party would cut off the rights of the other.
The effective result of our analysis is that the liability of a third party to a payor of compensation is not determined in terms of duty to notify. The proper analytical concern should be in terms of the burden or risk which a third party or insurer assumes in settling a worker's compensation claim without the written approval of the employer or worker's compensation insurer.
In an entirely different context (and in which was perhaps a dicta statement), the Court of Appeal for the First Circuit stated the position of a third party in words which we think aptly express our feeling in this case. In Faught v. Ryder/P*I*E* Nationwide, Inc., 543 So.2d 918 (La.App. 1st Cir.), writ denied, 545 So.2d 1040 (1989), the First Circuit observed:
"Additionally, we note that our interpretation is not inequitable inasmuch as the employer's right to recover from the tort-feasor is not prejudiced by the settlement. LSA-R.S. 23:1102(C)(4) and LSA-R.S. 23:1103. Our interpretation of LSA-R.S. 23:1102(B) burdens the tort-feasor with the responsibility of ensuring that he not be put in the position of having to pay twice for the same thing. The tort-feasor's appropriate exercise of care in negotiating a settlement without the approval required by LSA-R.S. 23:1102(B) will prevent double recovery by the victim-employee. The burden of preventing the double recovery, as we read the scheme, is on the party in whose interest it is to prevent."
We hold that a third party or his insurer, or both, act at their peril in settling a tort suit by an injured employee who may have been paid worker's compensation. If a suit has been filed, of which the employer or insurer have not been given notice, a compromise with the employee does not prejudice the right of the employer and insurer to pursue a reimbursement claim against the third party.

CONCLUSION
Accordingly, for the reasons given, the judgment of the trial court is affirmed and the case is remanded for further proceedings. Costs of this writ are assessed to defendants-relators.
AFFIRMED AND REMANDED.
NOTES
[1] For the reasons that follow we affirm the denial of the relators' motion for summary judgment and remand the case for further proceedings. Our holding here would not preclude relators from offering any proof of notice of the suit of Droze, if there is any, at the trial of the case.