682 So.2d 1341 (1996)
HOUSTON GENERAL INSURANCE COMPANY
v.
COMMERCIAL UNION INSURANCE COMPANY, Terrebonne Parish Consolidated Government, and Rietta D. Hart, J & D Inspection, Julien A. Bruce, III.
No. 96 CA 0379.
Court of Appeal of Louisiana, First Circuit.
November 8, 1996.
Writ Denied January 31, 1997.
*1342 Roch P. Poelman, New Orleans, for Plaintiff-Appellant, Houston General Insurance Company.
Thomas E. Loehn, New Orleans, for Defendants-Appellees, Commercial Union Insurance Co., Terrebonne Parish Consolidated Government, and Rietta D. Hart.
William H. Dunckelman, Houma, for Defendant-Appellee, Marcel & Alford.
Before CARTER, GONZALES and PARRO, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment, granting a motion for summary judgment.

*1343 BACKGROUND

On April 5, 1988, Julien A. Bruce, III, was operating a 1986 Nissan pickup truck west on Aycock Street near its intersection with Louisiana Highway 3040 in Terrebonne Parish. At about the same time, Rietta D. Hart was operating a 1988 Dodge Diplomat, owned by the Terrebonne Parish Consolidated Government (Parish), and proceeding south on Louisiana Highway 3040 near its intersection with Aycock Street. After bringing his vehicle to a complete stop at the intersection, Bruce was broad-sided by the vehicle owned by the Parish and operated by Hart. As a result of this accident, Bruce sustained injuries.
At the time of the accident, Hart was an employee of the Parish and was acting within the course and scope of her employment. The vehicle owned by the Parish and operated by Hart was insured by a policy of liability insurance issued by Commercial Union Insurance Company (Commercial Union). Bruce was employed by and was acting in the course and scope of his employment with J & D Inspection Services, Inc. (J & D). Houston General Insurance Company (Houston General), the workers' compensation insurer for J & D, paid $38,506.30 in compensation and medical benefits.
On June 29, 1988, Bruce filed a suit for damages against Hart, the Parish, and Commercial Union in the Thirty-Second Judicial District Court, Parish of Terrebonne, under docket number 91,568, (hereinafter referred to as "the Bruce suit"). On January 10, 1990, Bruce settled the Bruce suit with Commercial Union.[1]
On December 19, 1990, Houston General filed the instant suit for damages against Hart, the Parish, and Commercial Union, seeking reimbursement for the $38,506.30 in workers' compensation and medical benefits paid to or on behalf of Bruce. Houston General alleged that it did not receive written notice of the Bruce suit or of the settlement with Commercial Union. Houston General subsequently amended its petition, naming J & D and Bruce as additional party defendants. Hart, the Parish, and Commercial Union filed an answer and third party demand. In the answer, Hart, the Parish, and Commercial Union generally denied the allegations of the petition, alleged that the automobile accident was caused solely by the negligence of Bruce, and alleged that Houston General's action had prescribed. In the third party demand, Hart, the Parish, and Commercial Union named as third party defendants Bruce and his spouse, seeking indemnification for the benefits recovered by Bruce.[2]
On March 27, 1991, Houston General filed a motion for summary judgment, alleging that it was not notified of the Bruce suit, as required by LSA-R.S. 23:1102 A. Attached to its motion and memorandum in support thereof were the petition for damages filed in the Bruce suit and the affidavit of Jo Ann White, claims technician for Houston General, showing the compensation payments made to Bruce. Bruce opposed the motion for summary judgment, alleging that Houston General was verbally notified of the existence of the third party lawsuit and that Bruce's employer, J & D, knew of the existence of the lawsuit because J & D had been named as a third party defendant in the Bruce suit.[3]
On April 29, 1991, in response to requests for production of documents, Houston General produced its workers' compensation insurance policy, records of telephone calls between Bruce and/or J & D and Houston General, and various documents regarding Bruce's workers' compensation claim. Included in the documents were:

*1344 1. A memorandum to Houston General, dated April 13, 1988, which revealed that a first report of injury had been filed and which contained a notation that the claim would probably constitute a "loss time" claim. The memo also noted that the claimant had an attorney to handle his claims against the Parish;[4]
2. A letter to the City of Houma, dated June 17, 1988, from a Houston General claims representative, advising the Parish that Houston General had a subrogation claim for the workers' compensation benefits paid to Bruce;
3. A letter from the Parish, dated June 27, 1988, to Commercial Union, advising of Houston General's subrogation claim;
4. A letter to Commercial Union, dated July 28, 1988, from a Houston General subrogation supervisor, advising of the payment of workers' compensation and medical benefits and of Houston General's lien for such payment; and
5. A letter from a Houston General subrogation supervisor to Bruce's attorney, dated January 16, 1989, requesting a copy of any third party action, if one had been filed.
On June 28, 1991, the hearing was held on Houston General's motion for summary judgment. At the hearing, the court addressed the issue of prescription raised in the original answer to the petition inasmuch as a determination that Houston General's claims had prescribed would render the motion for summary judgment moot. For oral reasons assigned, the trial court determined that Houston General's action had prescribed. Accordingly, the trial court rendered judgment on August 1, 1991, denying Houston General's motion for summary judgment and dismissing its claims against Hart, the Parish, and Commercial Union. On appeal, this court in Houston General Insurance Company v. Commercial Union Insurance Company, 612 So.2d 787 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993), reversed the trial court judgment (which had dismissed Houston General's suit on the grounds of prescription) and remanded the matter to the trial court for further proceedings.
After remand, Hart, the Parish, and Commercial Union filed a motion for summary judgment for the reasons set forth in its memorandum in support of the motion for summary judgment. The record did not contain a copy of the memorandum in support of Commercial Union's motion for summary judgment. Nor did the record contain any attachments in support of the motion for summary judgment. However, included in the record was the opposition memorandum filed by Houston General. Attached to Houston General's opposition were two pages from a deposition, allegedly of Bruce's attorney,[5] wherein the deponent stated that he had spoken with Margie Goodson[6] and had advised her that suit had been filed. Also attached was a copy of the January 16, 1989, correspondence from a Houston General subrogation supervisor to Bruce's attorney, advising him of Houston General's subrogation claim.
After a hearing, on August 10, 1993, the trial court rendered judgment, denying Commercial Union's motion for summary judgment, and Commercial Union subsequently requested a rehearing. On October 22, 1993, a hearing on Commercial Union's motion for rehearing was conducted. Pursuant to the rehearing, the trial court granted Commercial Union's motion for summary judgment. The judgment, granting the motion for summary judgment, was signed on November 19, 1993.[7]
*1345 Houston General appealed the judgment. On appeal, this court reversed the trial court judgment, finding that the motion for summary judgment had been improvidently granted in that there was no evidence in the record that either the employer or the insurer had notice of any third party action filed by Bruce, and remanded the matter to the trial court. Houston General Insurance Company v. Commercial Union Insurance Company, 94-0399 (La.App. 1st Cir. 12/22/94); 649 So.2d 776.

FACTS
On remand, Commercial Union again re-urged its motion for summary judgment. In support of its motion, Commercial Union argued that there is no statutory requirement that the tort feasor (as opposed to the employee) provide written notice to a plaintiff's employer or compensation insurer and that, if there is such a requirement, the notice requirement was fulfilled in that Bruce's employer, J & D, had written notice of the third party action. Introduced in support of the motion for summary judgment were various pleadings, including:
1. A petition filed by the Parish against Bruce, J & D, and their liability insurer for property damages sustained as a result of the automobile accident in the Thirty-Second Judicial District Court, Parish of Terrebonne, under docket number 93,061 (the "Parish suit");
2. A petition filed by Harper (another driver involved in the automobile accident between the Parish vehicle and Bruce) against Bruce, J & D, the Parish, and their liability insurer in the Thirty-Second Judicial District Court, Parish of Terrebonne, under docket number 93,381 (the "Harper suit");
3. A reconventional demand by Hart against Bruce and J & D in the Bruce suit;
4. Discovery demands propounded to J & D, specifically a notice of deposition, subpoena, and subpoena duces tecum to J & D to produce various personnel records in the Bruce suit;
5. A motion and order to consolidate the Parish and the Harper suits with the Bruce suit;
6. A third party demand filed by Hart, the Parish, and Commercial Union against Bruce, J & D, and their liability insurer in the consolidated Bruce-Parish-Harper suits; and
7. Bruce's deposition.
After a hearing, the trial court rendered judgment and granted Commercial Union's motion for summary judgment. In his reasons for judgment, the trial court stated:
The documentation includes a subpoena duce (sic) tecum directed to the employee's employer to produce certain employee records. Such documentation, in this Court's opinion, constitutes written notice to the employer that the employee had sued a third-party tortfeasor. La. R.S. 23:1102 requires the employee to notify either the employer or the insurer if he sues the tortfeasor. Once the notice requirement is satisfied and the insurer fails to intervene in the lawsuit, the jurisprudence has held that the insurer cannot later bring a separate action to recover the compensation already paid the employee. (Emphasis added.)
From this adverse judgment, Houston General appealed, raising the issue of whether notice to an employer satisfies the notice requirements of LSA-R.S. 23:1102, when the compensation insurer paid the workers' compensation benefits.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Kidd v. Logan M. Killen, Inc., 93-1322 p. 4 (La.App. 1st Cir. 5/20/94); 640 So.2d 616, 618; Jarrell v. Carter, 632 So.2d 321, 323 (La.App. 1st Cir.1993), writ denied, 94-0700 (La.4/29/94); 637 So.2d 467; Ouachita National Bank in Monroe v. Gulf States Land *1346 & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993); Kidd v. Logan M. Killen, Inc., 640 So.2d at 618-19.
A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989); Kidd v. Logan M. Killen, Inc., 640 So.2d at 619; Miramon v. Woods, 25,850 p. 10 (La.App. 2nd Cir. 6/22/94); 639 So.2d 353, 359; Jarrell v. Carter, 632 So.2d at 323.
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Kidd v. Logan M. Killen, Inc., 640 So.2d at 619; Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La. App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear what the truth is and excludes any real doubt as to the existence of material fact. Kidd v. Logan M. Killen, Inc., 640 So.2d at 619; Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d at 1120.
The jurisprudence has traditionally held that summary judgments were not favored and should be used cautiously and sparingly. Penalber v. Blount, 550 So.2d at 583; Kidd v. Logan M. Killen, Inc., 640 So.2d at 619. In determining whether material facts had, in fact, been disposed of, any doubt was to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La. 1980). This was true even if grave doubt existed as to a party's ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985). Where the trial court was presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences were required to be viewed in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991). However, by Acts 1996, First Extraordinary Session, No. 9, the legislature amended LSA-C.C.P. art. 966, stating in § A(2) the following:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends. (Emphasis added.)
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d at 325; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir. 1988).

NOTICE OF SUIT AND SETTLEMENT
The issue presented in this appeal is whether the notice to the employer (J & D) of the Bruce suit was sufficient notice to Houston General, its insurer, such that Houston General was required to intervene in the *1347 Bruce suit to protect its right of reimbursement. Houston General contends that the notice requirement set forth in LSA-R.S. 23:1102 requires that notice be provided to the payor employer or insurer because LSA-R.S. 23:1101 permits only the payor to file a third party action to recover compensation benefits. Houston General argues that, although J & D had notice of the Bruce suit, J & D was not the payor of the compensation benefits. As such, any notice to J & D was insufficient to put J & D's compensation insurer (Houston General) on notice of the Bruce suit, requiring intervention. Commercial Union contends that LSA-R.S. 23:1102 does not impose a statutory duty upon the third person to notify the compensation insurer. Commercial Union contends that Bruce's employer, J & D, was aware of the litigation filed by Bruce and that such notice to the employer was sufficient because it is the same notice the employee should have made under LSA-R.S. 23:1102. Therefore, any duty which might exist independent of the statute was satisfied by the notice provided to Bruce's employer.
Employee and employer suits against third persons are regulated by the workers' compensation law. Generally, the statutes contemplate a situation where a third person causes injury to the employee, and the injury is also compensable under the Louisiana Workers' Compensation Law. Elliott v. Glass, 615 So.2d 1354, 1356 (La.App. 2nd Cir.1993). LSA-R.S. 23:1101[8] recognizes the right of the employee and the employer to sue the tort feasor. Stafford v. Dow Chemical Corporation, 415 So.2d 393, 395 (La.App. 1st Cir.1982). LSA-R.S. 23:1101 A authorizes an injured employee to file suit against a third person (not excepted by the workers' compensation law) responsible for the damages resulting from his injuries, even though he has been awarded or is receiving compensation from his employer for the same injury. LSA-R.S. 23:1101 B also authorizes the employer or insurer to sue such responsible party for reimbursement for any compensation it may pay or become obligated to pay the employee. Aetna Casualty & Surety Company v. Hanover Insurance Company, 569 So.2d 1078, 1080 (La.App. 3rd Cir.1990), affirmed, 574 So.2d 363 (La.1991). In fact, LSA-R.S. 23:1101 B provides a cause of action for anyone who has paid or becomes obligated to pay workers' compensation benefits to recover such benefits from a third party tort feasor.[9]Elliott v. Glass, 615 So.2d at 1356.
When suits against third parties are filed, the workers' compensation scheme specifies certain notice requirements. LSA-R.S. 23:1102 A sets forth the obligations to provide notice by an injured employee and the employer or insurer in the event either files suit against a third party tort feasor. Aetna Casualty & Surety Company v. Hanover Insurance Company, 569 So.2d at 1080. LSA-R.S. 23:1102 A provides as follows:
If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit. (Emphasis added.) *1348 The statute clearly requires that, if the employee sues the tort feasor, the employee must provide written notification to the employer or its insurer. The party notified may then intervene as a party plaintiff in the suit. Although the statute appears to only permit the noticed party to intervene in the action, the jurisprudence holds that an employer's or insurer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer or insurer from bringing a separate suit against a third party tort feasor. Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396, 400 (La.1980), appeal dismissed, 449 U.S. 808, 101 S.Ct. 54, 66 L.Ed.2d 11 (1980).[10] Whether the employee is obligated under LSA-R.S. 23:1102 to provide notice of his settlement depends upon whether the employer or compensation insurer would have a cause of action for reimbursement of benefits under LSA-R.S. 23:1101 B. Berry v. River City Timber, 27,364 p. 4 (La.App. 2nd Cir. 9/27/95); 661 So.2d 668, 671-72, writ denied, 95-2612 (La.1/5/96); 666 So.2d 293; Hanover Insurance Company v. Allstate Insurance Company, 554 So.2d 1261, 1265 (La. App. 1st Cir.1989). In order for the notice requirement to be triggered, the employer and compensation insurer must have a cause of action for reimbursement under LSA-R.S. 23:1101. Berry v. River City Timber, 661 So.2d at 671-72. Moreover, LSA-R.S. 23:1103 A(2) provides that no compromise with the third person by either the employer or employee shall affect the rights of the other unless assented to by the other.
The principles and objectives underlying the recovery provisions in the workers' compensation statutes, LSA-R.S. 23:1101 et seq., are discussed in W.S. Malone and H. Alston Johnston, III, 14 Civil Law Treatise, § 367, p. 236-37 (1994), as follows:

*1349 Although the compensation remedy is exclusive between the employer and the employee, his dependents and heirs, the same is not true with reference to a third party wrongdoer whose fault brought about the employee's injury or death. All compensation acts make certain in one way or another that the tortfeasor is held responsible for the damage he has caused and is not permitted to escape liability by reason of the fact that the victim may be entitled to assert a claim for compensation against his employer....
Likewise, all compensation statutes require the wrongdoer to reimburse the blameless employer for the compensation he was obliged to pay because of the fault of the outsider. This is in accord with the principle of indemnity which is familiar in the law of torts. Likewise, the statutes are in accord that the victim should not be entitled both to full damages and to compensation.
* * * * * *
In [certain states including Louisiana] the employee is entitled to proceed both by claiming compensation against his employer and at the same time prosecuting his claim for damages against the third party wrongdoer. The employer's right to indemnity is preserved and double recovery by the employee prevented by authorizing the employer to intervene in the employee's suit and requiring that the judgment be in favor of the employer to the extent required to indemnify him. Thus, only the excess goes to the employee. (footnotes omitted.)
The specific issue raised in the instant case appears to be res nova. However, in Shiver v. Wilson's Department Store, 559 So.2d 864, 865 (La.App. 4th Cir.1990), Aetna Casualty & Surety Company v. Hanover Insurance Company, 569 So.2d at 1080-82, and Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d 918, 921-24 (La.App. 1st Cir.), writ denied, 545 So.2d 1040 (La.1989), there has been discussion of issues very similar to the one presented in the instant case.
The issue presented in Shiver v. Wilson's Department Store, 559 So.2d at 865-66, was whether a tort feasor's insurer, who made a settlement with the plaintiff without regard to a pending claim by plaintiff's employer for reimbursement of workers' compensation benefits, was liable to the employer where the employer had filed a notice of its claim in the record, the notice did not meet the technical requirements of an intervention, and the insurer had full knowledge of the claim of the employer. In Shiver, the plaintiff had sustained a work-related injury. The plaintiff filed a suit against his employer for workers' compensation benefits and then settled his claim against his employer. The plaintiff then filed a separate tort suit against the tort feasor and his insurer. The employer filed a "notice" in the tort suit, asserting a claim in the tort suit and sent a copy of the notice to the insurer of the tort feasor. Thereafter, the insurer settled the claim with the plaintiff and deposited the funds into the registry of the court. The employer filed an "amended intervention petition" against the plaintiff and the insurer, seeking reimbursement for the compensation benefits paid to plaintiff. The trial court rendered judgment in favor of the employer, finding the plaintiff and the insurer each liable for one-half of the amount sought. The insurer appealed, contending that, by failing to assert a proper intervention in the tort suit, the employer forfeited its right to recover. In affirming the trial court judgment, the appellate court concluded that a miscarriage of justice would result if the judgment against the insurer were reversed, stating:
In this case, there was a combination of errors and mistakes in judgment which combined to produce a unfortunate result. In the first place, plaintiff failed to notify [the employer] of his suit against [the insurer] as required by R.S. 23:1102. Next, though not notified properly but having full knowledge of the suit, [the employer] filed its Notice of Request into the record instead of a formal intervention with service as required by C.C.P. Art. 1093. Finally, though fully informed of [the employer's] claim, [the insurer] chose to ignore it and to make the settlement, clinging to the notion that [the employer's] procedural error would preclude its recovery and running the risk of paying *1350 more than it wished to pay in settlement of the case in the event that its decision was wrong.
Shiver v. Wilson's Department Store, 559 So.2d at 865.
In Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d at 921-24, the estate of an employee, who was killed while driving a truck on behalf of his employer, sued the employer for compensation benefits. The estate settled the tort claim with the tort feasor without the consent of the employer. The employer filed a motion for summary judgment on the grounds that the employee's estate had forfeited any rights to future workers' compensation benefits prior to the time the estate settled the tort claim, which was granted by the trial court. In reversing the trial court judgment, this court determined that the settlement did not prejudice the employer's right to recover from the tort feasor, citing LSA-R.S. 23:1102 C(4) and 1103 and stating:
Our interpretation of LSA-R.S. 23:1102(B) burdens the tort-feasor with the responsibility of ensuring that he not be put in the position of having to pay twice for the same thing. The tort-feasor's appropriate exercise of care in negotiating a settlement without the approval required by LSA-R.S. 23:1102(B) will prevent double recovery by the victim-employee. The burden of preventing the double recovery, as we read the scheme, is on the party in whose interest it is to prevent.
Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d at 923.
In Aetna Casualty & Surety Company v. Hanover Insurance Company, 569 So.2d at 1080-82, the issue was whether the employer (and the compensation insurer) of an injured employee, who brought and settled a tort suit against the tort feasor and his insurer, could seek reimbursement of compensation where the employer and compensation insurer did not have notice of the employee's suit and did not intervene. The trial court denied a motion for summary judgment filed by the tort feasor and his insurer on the grounds that there was a genuine issue of material fact as to whether the employer and compensation insurer had notice of the third-party action. In affirming the trial court judgment, the appellate court noted that the rights of a party claiming reimbursement of compensation are not affected, simply because there is no statutory duty imposed on a third party tort feasor or his insurer to give notice of a tort suit or of a proposal to compromise or of a settlement of such claim. The court stated that to deny a claim for reimbursement on such a basis would be inconsistent with the principles and objectives of the workers' compensation scheme set forth in the statutory law. The court further noted that it was incorrect to analyze the question presented in terms of the absence of any specifically prescribed statutory duty imposed upon a third party or his insurer. Rather, the liability of a third party to a payor of compensation should be analyzed in terms of the burden or risk which a third party tort feasor or insurer assumes in settling a tort claim, knowing workers' compensation benefits have been paid, without the written approval of the employer or compensation insurer. Accordingly, the court held that a third party or his insurer acts at its peril in settling a tort suit by an injured employee who may have been paid compensation benefits and that the compromise of a suit, of which the employer or compensation insurer was not given notice, did not prejudice the right of the employer or insurer to pursue a reimbursement claim against the third party. In affirming the denial of the motion for summary judgment, the Louisiana Supreme Court pretermitted the legal issue of whether there was a duty on the grounds that the issue should not be addressed until the case was tried on the merits, noting that a genuine issue of material fact existed as to whether the employee notified the employer or the compensation insurer of the suit filed by the employee against the third party tort feasor as required by LSA-R.S. 23:1102. Aetna Casualty & Surety Company v. Hanover Insurance Company, 574 So.2d 363 (La. 1991).
Different from Aetna, there is no genuine issue of material fact as to whether the employee notified the employer in this case. Clearly, the notice requirement to the employer (J & D) was satisfied. This is all that *1351 is required by statute. LSA-R.S. 23:1102 A is clear and unambiguous. It provides that, if either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed and such other may intervene as party plaintiff in the suit.
In our previous decision of Houston General Insurance v. Commercial Union Insurance Company, 649 So.2d at 783, we discussed in detail third party actions and stated:
Without addressing the issue of whether notice to the employer that a third party action has been filed is sufficient (when the worker's compensation insurer paid the worker's compensation benefits), we find that the motion for summary judgment was improvidently granted. There is no proof in the record before this court that either the employer or the insurer had notice of any third party action filed by Bruce. Commercial Union did not attach any depositions, affidavits, or any of the other evidence in support of its motion for summary judgment. There are no pleadings from any previous lawsuits by and among the parties to the instant suit. (Emphasis added.)
On remand, various documents were introduced in support of the motion for summary judgment to show, beyond any question, that the employer (J & D) was notified by the employee (Bruce) of the suit against the tort feasor, including:
1. A petition filed by the Parish against Bruce, J & D, and their liability insurer for property damages sustained as a result of the automobile accident in the Thirty-Second Judicial District Court, Parish of Terrebonne, under docket number 93,061 (the "Parish suit");
2. A petition filed by Harper (another driver involved in the automobile accident between the Parish vehicle and Bruce) against Bruce, J & D, the Parish, and their liability insurer in the Thirty-Second Judicial District Court, Parish of Terrebonne, under docket number 93,381 (the "Harper suit");
3. A reconventional demand by Hart against Bruce and J & D in the Bruce suit;
4. Discovery demands propounded to J & D, specifically a notice of deposition, subpoena, and subpoena duces tecum to J & D to produce various personnel records in the Bruce suit;
5. A motion and order to consolidate the Parish and the Harper suits with the Bruce suit;
6. A third party demand filed by Hart, the Parish, and Commercial Union against Bruce, J & D, and their liability insurer in the consolidated Bruce-Parish-Harper suits; and
7. Bruce's deposition.
From the above, we conclude that the employee (Bruce) notified in writing the employer (J & D), and we further conclude that Houston General was in fact aware of the law suit, although not formally notified in writing by the employee. LSA-R.S. 23:1102 simply does not create a duty on a third party tort feasor to notify an employer or compensation insurer of an action by the employee. As previously set forth in the third party action portion of our prior opinion, the workers' compensation insurer has the right to file its own lawsuit against the third party tort feasor, even if the employee never files a suit. Accordingly, Houston General could have protected its reimbursement claim simply by filing its own suit against the tort feasor and its insurer.
However, once the employee has filed suit against a third party tort feasor, the employer or insurer seeking reimbursement of compensation must intervene in the pending lawsuit. But when an employer files suit first, the employee may intervene in the employer's suit or the employee can file a separate action for damages. Roche v. Big Moose Oil Field Truck Service, 381 So.2d at 400.
We are not unmindful of certain dicta in Aetna Casualty & Surety Company v. Hanover Insurance Company, 569 So.2d at 1082, and Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d at 923, indicating that there may be a duty on the tort feasor to notify the plaintiff's employer and the employer's *1352 compensation insurer any time that the employee has filed a suiteven if a compensation claim is never made. In Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d at 921, this court stated:
The legislature has nevertheless chosen to insert a punitive provision in the scheme in an effort to force the employee to involve the employer not only in civil proceedings against the third person tort-feasor, but also in settlement negotiations even if suit has not been brought. See LSA-R.S. 23:1102(B). It is important to note that the statute is quasi-penal; and we remain mindful that such statutes are to be strictly construed.
The court further set forth:
A fundamental rule of statutory construction is to give the statute its intended meaning. Reed v. Washington Parish Police Jury, 518 So.2d 1044 (La.1988). The principle that a statute is not to be construed to produce absurd results is a means to that end in that we assume the legislature has not so intended. More importantly, it is only when there is ambiguity that we are at liberty to engage in statutory interpretation: it is not our function to correct an error in the legislature's expression of its intent unless that expression is unclear. Here, it is suggested, the language of the statute as a whole is inarticulate but not ambiguous. (Footnote omitted).
Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d at 922-23.
The court also stated:
Our interpretation of LSA-R.S. 23:1102(B) burdens the tort-feasor with the responsibility of ensuring that he not be put in the position of having to pay twice for the same thing. The tort-feasor's appropriate exercise of care in negotiating a settlement without the approval required by LSA-R.S. 23:1102(B) will prevent double recovery by the victim-employee. The burden of preventing the double recovery, as we read the scheme, is on the party in whose interest it is to prevent.
Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d at 923.
The issue in Ryder was whether workers' compensation benefits could be obtained after the plaintiffs had settled a third party tort claim without notifying the employer or its insurer and without obtaining approval of the employer or its insurer to the compromise. The Ryder court held that "future compensation" means any compensation benefits which become payable after the compromise, and the employee's right to such future compensation is preserved by repayment to the employer of benefits previously paid. Therefore, any language purporting to create a duty on the tort feasor to notify the employer or employer's insurer is pure dicta, as neither the employer nor its insurer was notified of the third party claim. However, we do agree with that portion of the opinion which sets forth that parts of the workers' compensation act are unclear, inarticulate and incomplete. It is not our function to correct expressions of the legislature unless those expressions are ambiguous or unclear. In the instant case, the expression of the legislature is inarticulate as to any duty on the part of the third party tort feasor or its insurer to notify the employer or insurer who has paid workers' compensation, but it is not ambiguous or unclear.
As concerns Aetna Casualty & Surety Company v. Hanover Insurance Company, 569 So.2d at 1082, we disagree with the reasoning of our brethren of the Third Circuit. We do not believe that it is appropriate for the judiciary to jurisprudentially impose a duty on a tort feasor or tort feasor's insurer to give notice when no duty is provided for by statute. The statute clearly sets forth that the duty is on the employee to notify the employer or the employer to notify the employee in the event of a suit, but there is no statutory duty on the part of a third party tort feasor to notify anyone. In the present situation, it would be clearly inequitable to permit Houston General to do nothing for over two years when it had knowledge of the accident, had knowledge of the lawsuit, had knowledge of the employee's suit against the third party tort feasor and communicated with each and every one of them, and then to require the tort feasor to bear the burden of having to again pay the price for the same damage. The receipt and release executed *1353 in the instant case clearly provided that the employee (Bruce) was bound to indemnify and defend Commercial Union, the Parish, and Hart in connection with any claims for worker's compensation.
Houston General did not intervene in the lawsuit and did not file a separate lawsuit, either of which it could have done under the law. Houston General has obtained a judgment against Bruce for the full amount of its lien and was well aware of its right to intervene or file a separate suit. It would be inequitable for Houston General to come in two years after the matter has been concluded and proceed with a claim, seeking double recovery against the tort feasor. We agree with Justice Tate's observation[11] that the primary purpose of the Workers' Compensation Act is to benefit injured employees, not to reimburse employers or their insurers for worker's compensation benefits paid out of amounts received by employees, except in limited instances provided by LSA-R.S. 23:1101 and 1103.
Accordingly, we find that Commercial Union had no duty to provide written notice to Houston General of the suit and settlement, and we find that the summary judgment in favor of Commercial Union was properly granted.

CONCLUSION
For the reasons set forth above, the judgment of the trial court, granting Commercial Union's motion for summary judgment, is affirmed at Houston General's costs.
AFFIRMED.
GONZALES and PARRO, JJ., concur.
NOTES
[1] Bruce executed a receipt and release wherein he released Hart, the Parish, and Commercial Union for any and all claims for damages, including workers' compensation benefits. The receipt and release also contained an indemnification agreement in which Bruce agreed to defend, protect, indemnify, and hold Hart, the Parish, and Commercial Union harmless from any and all claims arising out of the automobile accident.
[2] On June 10, 1991, Hart, the Parish, and Commercial Union filed a motion for summary judgment on the third party demand against Bruce. By judgment, dated October 9, 1991, the trial court granted Commercial Union's motion for summary judgment on the issue of indemnity.
[3] No affidavits, depositions, or other proof of such allegations were attached to Bruce's opposition.
[4] The attachments also contained various documents relating to Bruce's workers' compensation claim, including correspondence to Houston General by Bruce's attorney.
[5] The two pages of the deposition did not reveal the name or identity of the deponent.
[6] Margie Goodson was an employee of Houston General when this conversation allegedly occurred.
[7] On October 13, 1993, Houston General filed a motion for summary judgment. The record does not contain a ruling on Houston General's motion for summary judgment. On October 28, 1993, Commercial Union filed another motion for summary judgment on its indemnity claim against Bruce. On December 17, 1993, the hearing on Commercial Union's second motion for summary judgment was conducted. By judgment, dated December 17, 1993, judgment was rendered in favor of Hart, the Parish, and Commercial Union and against Bruce for $11,742.76, plus interest, which represented attorney's fees and court costs incurred in connection with the defense of the action by Houston General.
[8] LSA-R.S. 23:1101 A provides, in pertinent part, as follows:

When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as "third person") other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the ... employee or his dependents may claim compensation under this Chapter and the payment or award of compensation... shall not affect the claim or right of action of the said employee or his dependents... against such third person ... and such employee or his dependents ... may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
[9] LSA-R.S. 23:1101 B provides, in part, as follows:

Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. (Emphasis added.)
[10] LSA-R.S. 23:1102 also provides certain penalties if the employee fails to notify the employer or insurer of any suit brought and provides penalties in the event the employee compromises his claim with a third person (tort feasor) without the written permission of the employer or insurer. Aetna Casualty & Surety Company v. Hanover Insurance Company, 569 So.2d at 1080-81. LSA-R.S. 23:1102 B provides as follows:

If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim and only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. Written approval of the compromise must be obtained from the employer if the employer is self-insured, either in whole or in part. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise. Such reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim.
LSA-R.S. 23:1102C(1) provides as follows:
When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee's claim for future compensation or medical benefits shall be reserved.
[11] See Crabtree v. Bethlehem Steel Corporation, 284 So.2d 545, 553 (La.1973).