POLEN, J.
Former Husband appeals and Former Wife cross-appeals from a final judgment of dissolution of marriage entered after retrial on certain financial issues between the parties. We affirm on all issues raised.
The parties were married in 1980 and later had two children, both still minors. Former Husband filed for divorce in 1994, and Former Wife counter-petitioned. The trial court initially entered final judgment in 1995. At that time, it equitably distributed the parties’ marital assets and liabilities, and ordered Former Husband to pay Former Wife permanent periodic alimony and child support for the two children. Both parties appealed.
In Donoff v. Donoff, 691 So.2d 1091 (Fla. 4th DCA 1997), we reversed because the trial court apparently did not realize that it had the option of awarding to Former Wife lump sum alimony payable in monthly installments. We remanded the case for the trial court to consider the option of lump sum alimony payable in installments, and to determine whether such a change if made would have an effect on any other aspects of the financial award. In no way did we mandate that the court should or should not award permanent periodic alimony, nor did we mandate any specific changes in the court’s scheme of equitable distribution.
Given this background, the instant record shows that on retrial the trial court fully considered our prior mandate and all of the financial circumstances of the parties as they had changed since the original final judgment. The court even consid *1079 ered evidence that Former Wife’s current live-in boyfriend contributes toward some of her expenses, such as her dry cleaning, meals, and vacations, and that he allows her the use of his car. While we disagree with the trial court’s suggestion that these contributions should not have been considered merely because the cohabitation was temporary, see Pill v. Pill, 559 So.2d 864 (Fla. 5th DCA 1990); Bentzoni v. Bentzoni, 442 So.2d 235 (Fla. 5th DCA 1988), our review of the record shows that the court did consider these contributions but found that they did not lessen Former Wife’s need for alimony. There is competent substantial evidence in the record to support that finding. In sum, based on the unique facts of this case, we hold that the record amply supports the result reached by the trial court on all issues raised by the parties on appeal and cross-appeal and, as such, we affirm.
AFFIRMED.
GUNTHER and STONE, JJ., concur.